IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES SCOTT DALY, Inmate #25605-198, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL NO. 06-776-WDS<br>)<br>) |
| UNITED STATES OF AMERICA, | )<br>) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Plaintiff, a former inmate in the United States Penitentiary in Marion, Illinois, brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346, 2671-2680.

**LEAVE TO PROCEED *IN FORMA PAUPERIS***

Plaintiff seeks leave to proceed *in forma pauperis* in the action (Doc. 3). The Court finds that Plaintiff, currently an inmate in the United States Penitentiary in Florence, Colorado, is indigent and unable to pay the full filing fee in advance; therefore, leave to proceed *in forma pauperis* is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b), **IT IS HEREBY ORDERED** that Plaintiff shall pay the **$350.00 filing fee** applicable to this civil action as follows:

1. Plaintiff shall pay an initial partial filing fee of **$ 44.17**. *See* 28 U.S.C. §1915(b)(1). The agency having custody of Plaintiff is **DIRECTED** to transmit this amount from Plaintiff's prison trust fund account to the Clerk of Court upon receipt of this Memorandum and Order.

2. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the filing fee is paid in full.

3. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

To enable the Bureau of Prisons to remit these payments to the Clerk of Court as required by 28 U.S.C. § 1915, **IT IS FURTHER ORDERED** that Plaintiff shall complete, sign and return one "Consent Form -- *In Forma Pauperis* Proceedings" to the Clerk of this Court in the envelope provided, within **FIFTEEN (15) DAYS** of the date of entry of this order. The Clerk is **DIRECTED** to provide two copies of the appropriate form to Plaintiff with his copy of this Order, along with a pre-addressed return envelope. Failure to provide the Bureau of Prisons with this authorization shall be grounds for dismissal of this case. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994). However, Plaintiff will still be liable for the full filing fee for this action.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.

The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiff. Upon receipt of Plaintiff's signed consent form, the Clerk shall mail a copy of this Memorandum and Order to the Warden at USP-Florence, with an executed copy of the consent form.

**THRESHOLD REVIEW**

This case is now before the Court for a preliminary review of the complaint pursuant to 28

U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this point in the litigation.

## FACTUAL ALLEGATIONS

Plaintiff states that on July 10, 2005, while housed in the United States Penitentiary in Marion, Illinois, he was stabbed.  After Plaintiff's wounds were treated, he was taken to the Security Housing Unit.  Unknown prison officials packed his personal property.  An inventory of the items was made, but not until much later, and by an officer not involved in originally packing the items.  On August 15, 2005, when Plaintiff was released from security housing and his property returned to him, he noticed that several law books that he had purchased were missing.  He informed Officer Young, who told Plaintiff he remembered seeing the books and he would check to see if the books were accidentally returned to the institution law library.  The books were never recovered.

On November 3, 2005, Plaintiff filed an administrative tort claim with the Bureau of Prisons seeking return of the books or compensation for their value.  Included with Plaintiff's complaint is an undated final denial of claim letter, advising Plaintiff that he might file suit on the claim in federal

court within six months.

## LEGAL STANDARDS

Federal Prisoners may bring suit against the United States under the Federal Tort Claims Act ("FTCA") for injuries they sustain or property lost while incarcerated. *See Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). However, they must first present the claim to the federal agency responsible for the injury. *Id.* Under the act,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Included with the complaint is a letter indicating that the Bureau of Prisons was required to act on his claim within six months of the filing of the claim, that is by May 2, 2006. Plaintiff also includes an undated final denial of claim letter. Plaintiff filed this action October 10, 2006. Assuming the agency responded on or around the May 2, 2006 date, Plaintiff filed his suit within the six month period. Because Plaintiff has filed with his complaint the letter indicating that Bureau of Prisons administrative review had been completed and informing Plaintiff of his right to sue, Plaintiff shall be allowed to proceed on the FTCA claim.

## DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for the **ATTORNEY GENERAL of the UNITED STATES** and the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT OF ILLINOIS** within **THIRTY (30) DAYS** of the date of entry

of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **2** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare a summons for the **UNITED STATES OF AMERICA**.  The Clerk shall forward the summons, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The Clerk is **FURTHER DIRECTED** to prepare a copy of the summons, a copy of the complaint, and a copy of this Order to be served by the United States Marshal on the **ATTORNEY GENERAL of the UNITED STATES**.

The United States Marshal is **DIRECTED** to serve the original summons and complaint on the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT OF ILLINOIS**, and a copy of the summons and complaint on the **ATTORNEY GENERAL of the UNITED STATES**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include, with the original paper to be filed with the Clerk of the Court, a certificate stating the date that a true and correct copy of any document was mailed to the United States Attorney.  Any paper received by a district judge or magistrate which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c),

*should all the parties consent to such a referral.*

    **IT IS SO ORDERED.**

    **DATED:  October 16, 2006**

    **s/ WILLIAM D.  STIEHL**
    **DISTRICT JUDGE**