# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES DALY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 06-CV-776-WDS |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's motion to reconsider (Doc. 27), to which plaintiff did not respond. Defendant seeks reconsideration of the Court's Order (Doc. 22) denying the defendant's motion to dismiss for lack of subject matter jurisdiction. Defendant contends that the Supreme Court's ruling in *Ali v. Federal Bureau of Prisons*, 128 S.Ct. 831 (Jan. 22, 2008) strips this Court of subject matter jurisdiction.

Plaintiff's complaint alleges that defendant negligently lost plaintiff property at the Federal Correctional Facility in Marion, Illinois. Plaintiff alleges that he is entitled to relief pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) (FTCA), which waives the United States' sovereign immunity to civil suits for money damages caused by the negligent or wrongful acts or omissions of its employees. Under 28 U.S.C. § 2680(c), the so-called "detention of property" exception to the FTCA, the United States' waiver of sovereign immunity does not apply to claims arising from the detention of property by "any officer of customs or exercise or any other law enforcement officer."

Defendant filed a motion to dismiss plaintiff's complaint, alleging that the § 2680(c) exception applied to the United States in this case. This Court denied that motion, following the

precedent set in *Dahler v. United States*, 473 F.3d 769, 771-772 (7th Cir. 2007). Shortly after that decision, however, the United States Supreme Court overturned *Dahler*. *Ali*, 128 S.Ct. at 841 ("Section 2680(c) forecloses lawsuits against the United States for the unlawful detention of property by "any," not just "some," law enforcement officers."). This Court must give retroactive effect to the Supreme Court's decision in *Ali*. *Harper v. Virginia Dep't. of Taxation*, 509 U.S. 86, 97 (1993).

Upon review of the record, the Court **GRANTS** defendant's motion for reconsideration and **DISMISSES** plaintiff's complaint in its entirety for lack of subject matter jurisdiction. The Court **DIRECTS** the Clerk of the Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** March 21, 2008

                                                                                        s/ **WILLIAM D. STIEHL**
                                                                                                  **District Judge**